## A. CARLOTTI & CO.

v.

## John H. NORBERG, Tax Administrator.

### No. 79–279–M.P.

Supreme Court of Rhode Island.

Nov. 18, 1981.

Hinckley, Allen, Salisbury & Parsons, Stephen J. Carlotti, Providence, for plaintiff.

Dennis J. Roberts, II, Atty. Gen., Perry Shatkin, Chief Legal Officer (Taxation), Providence, for defendant.

### OPINION

KELLEHER, Justice.

This is a dispute between a corporate taxpayer and the tax administrator over the administrator's inclusion of United States government obligations when computing the corporation's net worth. Acting pursuant to the pertinent provisions of the Administrative Procedures Act, we issued a statutory writ of certiorari to review a judgment of the Sixth District Court affirming the inclusion by the administrator and the subsequent deficiency determination.

The taxpayer contends that the inclusion and the resulting tax violates various federal constitutional and statutory prohibitions. The administrator disagrees, claiming that the inclusion is allowable because of the franchise-tax exclusion expressly set forth in 31 U.S.C.A. § 742 (1976).

The issue presented here actually was resolved in our recent holding in *Federal Products Corp. v. Norberg*, R.I., 429 A.2d 447 (1981), where we ruled that the administrator had improperly included interest as well as the proceeds of the sale of tax-exempt government obligations when assessing the amount of the taxpayer's net income subject to the business-corporation tax. In the *Federal Products* case, we emphasized that the business-corporation tax imposed pursuant to the terms of G.L. 1956 (1980 Reenactment) § 44–11–14(2) is separate and distinct from the exaction of a franchise tax for the privilege of doing business within Rhode Island, which tax is authorized by the terms of G.L. 1956 (1980 Reenactment) § 44–12–1.

Although the administrator's zeal in his tax-collection attempts is to be commended, his inclusion of tax-exempt federal securities in computing the corporation's net worth cannot stand.

The petition for certiorari is granted, the judgment entered in the District Court is quashed, and the record certified to this court is remanded to the District Court with our decision endorsed thereon.